# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6978 | **DATE** | 6/10/2011 |
| **CASE TITLE** | Agri-Best Holdings, LLC vs. Direct USA, Inc. | | |

**DOCKET ENTRY TEXT**

The case is dismissed for lack of subject matter jurisdiction.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This court entered an April 14, 2011 order granting Plaintiff Agri-Best Holdings, LLC leave to amend its Complaint to cure deficiencies in pleading subject matter jurisdiction. See McDonald v. Household Int'l, Inc., 425 F.3d 424, 426 (7th Cir. 2005) (allowing plaintiff to amend his complaint to cure the deficiency in alleging diversity jurisdiction is proper). The order advised Plaintiff that it was not the court's duty to "lead counsel through a jurisdictional paint-by-numbers scheme." Guar. Nat'l Title Co. v. J.E.G., 101 F.3d 57, 59 (7th Cir. 2006). The court nevertheless specified Plaintiff's failure to adequately plead the members of its own limited liability company and identified the controlling rule and law. Plaintiff amended its pleadings April 20, 2011, apparently curing the deficiency in pleading its LLC members. However, Plaintiff still has failed to plead the basic requirements of complete diversity required by 28 U.S.C. § 1332.

Federal courts must police their jurisdiction, which parties can neither waive nor forfeit. Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006). This obligation "imposes a duty of care that [the court is] not at liberty to shirk." Id. This court "must assure compliance with procedures designed to compel parties to federal litigation to assist [the court] in keeping within bounds" of jurisdiction. Id. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the jurisdictional basis, but it "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." McCready v. eBay, Inc., 453 F.3d 882, 890-91 (7th Cir. 2006) (citations and quotations omitted).

A federal court has § 1332(a) jurisdiction when diversity is complete, such that "no plaintiff may be a citizen of the same state as any defendant." Id. at 891 (quotation and citations omitted). "[W]hen one corporation sues another and the only basis of federal jurisdiction is diversity, the plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation. If the plaintiff fails to allege these things the complaint should be dismissed." Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 529-30 (7th Cir. 1985) (quotation and citation omitted); accord McMillian v. Sheraton Chi. Hotel & Towers, 567 F.3d 839, 845 n.10 (7th Cir. 2009) ("The state of incorporation and the principal place of business must be alleged in the complaint.").

## STATEMENT

Nowhere does Plaintiff's latest filing, "Amendment to Complaint," mention the citizenship of Defendant. Nor does Plaintiff's original Complaint mention Defendant's state of incorporation; the original Complaint only alleges Defendant's principal place of business. A plaintiff must plead both to allege complete diversity. See McCready, 453 F.3d at 891; McMillian, 567 F.3d at 845 n.10.

In McCready, the plaintiff's lawsuit was one of many against eBay. Id. at 885-86. The Seventh Circuit reasoned that although normally a plaintiff gets a second chance to plead jurisdiction correctly, because multiple lawsuits appeared aimed at harassing eBay, "no good purpose would be served by allowing the action to continue," especially where claims could be pursued in state court. Id. at 886, 891. In this case, Plaintiff does not appear to be harassing Defendant. However, Defendant previously filed a related lawsuit in Florida state court against Plaintiff, a lawsuit which Defendant argues is so similar to this action as to make abstention appropriate. Defendant argues Plaintiff is enlisting this court to "circumvent" the state court action. The merits of Defendant's abstention argument aside, it is apparent that principals of comity are implicated by this federal complaint. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 586 (1999) (Ginsburg, J.) ("[F]ederal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design.")

Unlike Plaintiff here, the McCready plaintiff got no second chance to plead jurisdiction. That plaintiff's mistake was failing to allege the defendant corporation's principal place of business. Id. at 891. Here Plaintiff failed to allege Defendant's state of incorporation. Plaintiff got a second chance and failed again. A third chance with yet another set of directions would encroach on the Seventh Circuit's "paint-by-numbers" admonition. Guar. Nat'l Title Co., 101 F.3d at 59. This court is therefore without jurisdiction.

The McCready court recognized dismissal for want of jurisdiction was warranted where it was not "a typical case" because of other lawsuits between the parties and because of the plaintiff's recourse to state courts. 453 F.3d at 891. The case at bar features both an ongoing lawsuit between the parties and a Plaintiff already pursuing its rights in state court. Moreover, Plaintiff got a second chance the McCready plaintiff never had. "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Johnson v. Cypress Hill, No. 08-3810, 2011 WL 2138085, at *3 (7th Cir. June 1, 2011) (quoting Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009)). Plaintiff has repeatedly failed to cure its deficiency in pleading the components of diversity jurisdiction. For the foregoing reasons, the case is dismissed for want of jurisdiction.

IT IS SO ORDERED.